# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOSEPH L. YOUNG | * |
| Plaintiff | * |
| v | *   Civil Action No. GLR-16-1321 |
| CITY OF BALTIMORE, DETECTIVE DANIEL SANTOS, and DETECTIVE MICHAEL BOYD | * |
| Defendants | * |

\*\*\*

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant City of Baltimore's Motion to Dismiss (ECF No. 9) and Motion to Strike Plaintiff's Surreply (ECG No. 18),[1] and Plaintiff Joseph L. Young's Motion to Appoint Counsel (ECF No 12). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant City of Baltimore's Motion to Dismiss, grant City of Baltimore's Motion to Strike, and deny Young's Motion.

## I. BACKGROUND

Plaintiff Joseph Young is a federal inmate incarcerated at United States Penitentiary-McCreary in Pine Knot, Kentucky. He alleges Defendants Daniel Santos and Michael Boyd, both detectives with Baltimore City Police Department, improperly arrested him for a shooting. (Compl., ECF No. 1). Of particular import here, Young alleges that the City of Baltimore failed to train and supervise the detectives involved in his arrest and thereby contributed to, and proximately caused, the constitutional violations he alleges. Id.

---

[1] The Court will grant City of Baltimore's Motion to Strike Plaintiff's Surreply because Young did not seek leave to file his Surreply. See Local Rule 105.2(a).

## II.     DISCUSSION

### A.     Standard of Review

A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not state "a plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)) (internal quotation marks omitted), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

Pro se pleadings, however, are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010). In considering a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)).

### B.     Analysis

#### 1.     Motion to Appoint Counsel

Young states he is unable to afford counsel, the issues involved in the case are complex, he has limited access to the prison law library, and he has limited knowledge of the law. Id. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) (2012) is a

discretionary, and may be considered where an indigent claimant presents exceptional circumstances.  See Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); see also Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982).  Upon careful consideration of the Motions and Young's previous filings, the Court concludes that Young has the ability to either articulate the legal and factual basis of his claims himself or the means to secure meaningful assistance in doing so.  There are no exceptional circumstances present that warrant the appointment of an attorney to represent Young under § 1915(e)(1).  Plaintiff's Motion to Appoint Counsel will be denied without prejudice.

    **2.**    **Motion to Dismiss**

The City of Baltimore argues the Court should dismiss Young's claims because the Baltimore City Police are not controlled, managed, or supervised by the City of Baltimore and therefore, as a matter of law, Young can prove no set of facts entitling him to judgment against the City of Baltimore for the conduct alleged.

Young's claim against the City of Baltimore is one of supervisory liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).  In suing a municipal government and agency under 42 U.S.C. § 1983, plaintiffs must prove two elements.  First, he must establish the existence of a constitutional violation on the part of the police officers.  See Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (jury's finding that a police officer inflicted no constitutional injury on the plaintiff removed any basis for municipal liability against city and members of police commission); Temkin v. Frederick Cty Comm'rs, 945 F.2d 716, 724 (4th Cir. 1991) (Section 1983 claim of inadequate training or supervision requires a constitutional violation by the person being supervised); see also Dawson v. Prince George's Cty., 896 F.Supp. 537, 540 (D.Md. 1995).  Second, plaintiffs must show that any constitutional violations were proximately caused by a policy, custom, or practice of the defendants.  See Monell v. Dep't of Social Servs.

of N.Y., 436 U.S. 658, 691, 694 (1978).  Municipal policy arises from the following: written ordinances, regulations, and statements of policy, id. at 690; decisions by municipal policymakers, Pembaur v. Cincinnati, 475 U.S. 469, 482-83 (1986); and omissions by policymakers that show a "deliberate indifference" to the rights of citizens.  See Canton v. Harris, 489 U.S. 378, 388 (1989).

The City of Baltimore, as a matter of law, is not permitted to regulate or supervise the Baltimore Police Department.  See Baltimore City Charter, Art. II, § 27 (explicitly prohibiting any "ordinance of the City or act of any municipal officer" from attempting to "conflict, impede, obstruct, hinder or interfere with the powers of the Police Commissioner").  Absent the power to control the police department, liability cannot attach to the City of Baltimore for actions taken by police officers.  As this Court has observed:

> Baltimore police officers are state employees free from the City's supervision and control. The City sets no policy or custom that Baltimore police officers execute, and the City cannot be liable for the conduct of [BPD Officer Defendants] under § 1983 . . . a § 1983 claim cannot be brought against the City for Baltimore police officer conduct because it does not sufficiently control the BPD and cannot be considered to employ Baltimore police officers. Municipal liability under Monell cannot attach to the City for the unconstitutional actions of Baltimore police officers.

Estate of Anderson v. Strohman, 6 F.Supp.3d 639, 644–46 (D.Md. 2014).

Young urges this Court to instead rely on the holdings in Wilcher v. Curley, 519 F.Supp. 1 (D.Md. 1982) and Hector v. Weglein, 558 F.Supp. 194 (D.Md. 1982).  Young argues that the two decisions spawned a small line of cases that held the City of Baltimore maintained sufficient control of the Baltimore Police Officers to hold the City liable.  Young's reliance on Wilcher and Hector is misplaced.  This Court rejected the same argument in Anderson, observing that neither the Wilcher court nor the Hector court directly "addressed whether the City is generally liable for

Baltimore police conduct as a threshold matter." Anderson, 6 F.Supp. 3d at 645.  Thus, to the extent that Wilcher and Hector held otherwise, Anderson set new precedent and is the controlling law.  Because the Baltimore City Police are not controlled, managed, or supervised by the City of Baltimore, Young's claims do not meet the second requirement for suing a municipal government under § 1983.  Accordingly, the Court will grant City of Baltimore's Motion to Dismiss.

### III.  CONCLUSION

For the foregoing reasons, City of Baltimore's Motion to Dismiss (ECF No. 9) is GRANTED.  City of Baltimore's Motion to Strike Plaintiff's Surreply (ECG No. 18) is GRANTED.  Young's Motion to Appoint Counsel (ECF No 12) is DENIED.  A separate Order follows.

Entered this 23rd day of February, 2017.                                /s/

_____
George L. Russell, III
United States District Judge